David S. Stone
Kenneth S. Levine
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
dstone@smcomplex.com
klevine@smcomplex.com

*Attorneys for Plaintiff Telebrands Corp.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> TRISTAR PRODUCTS, INC., and TREND MAKERS, LLC, <br><br> Defendants. | Civil Action No. _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff TELEBRANDS CORP. ("Plaintiff" or "Telebrands"), by and through its undersigned counsel, pleads the following against Defendants TRISTAR PRODUCTS, INC. ("Tristar"), and TREND MAKERS, LLC ("Trend Makers") (Tristar and Trend Makers, collectively, "Defendants"):

## <u>INTRODUCTION</u>

1.      This action concerns patent infringement claims for a popular garden hose that is light in weight, does not kink when unwrapped or uncoiled, and can be substantially reduced in length and width when not in use simply by turning off the flow of water into it.

1

2.      Plaintiff is the owner by assignments of the entire right, title, and interest in patents, which were originally patented by Michael Berardi (the "Plaintiff's Patents"), and markets the expandable garden hoses under, *inter alia*, the "Pocket Hose" brand (the "Plaintiff's Hoses"). Defendants market infringing expandable garden hoses under the "Flex-Able Hose" brand.

3.      This action seeks to prevent the Defendants' continued use of Plaintiff's patents without authorization and to recover damages resulting from such unauthorized use.

## JURISDICTION AND VENUE

4.      This is an action for Patent Infringement under the Patent Act, 35 U.S.C. § 271.

5.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a).

6.      This Court has personal jurisdiction over Tristar, which has marketed and sold the accused Flex-Able Hose products throughout the State of New Jersey.

7.      As recently as February 5, 2024, Tristar's General Counsel represented to the United States Patent and Trademark Office ("USPTO"), under penalty of perjury, that Tristar is currently using its trademark "Flex-Able Hose" in connection with the infringing products addressed in this action.  Tristar also represented, under penalty of perjury, that it is a Florida corporation but that its address is in Fairfield, New Jersey.

8.      This Court has personal jurisdiction over Trend Makers, which regularly conducts business throughout the State of New Jersey, including selling and offering to sell accused Flex-Able Hose products on its website to consumers in the State of New Jersey and elsewhere.  As set forth below, Trend Makers is also an alter ego of Tristar and is therefore subject to jurisdiction for this additional reason.

9.      Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b)&(c) and 1400(b), because Tristar resides in this District and because Tristar and Trend Makers have committed acts

of infringement in this District and have a regular and established place of business in this District. As set forth below, Trend Makers is an alter ego of Tristar and, therefore, venue is proper in this District for this additional reason.

## THE PARTIES

10.     Plaintiff Telebrands is a New Jersey corporation with its headquarters located at 79 Two Bridges Road, Fairfield, New Jersey.

11.     Upon information and belief, and as declared by Tristar to the USPTO as recently as July 15, 2024, Defendant Tristar is a Florida corporation having a principal place of business at 492 Route 46 East, Fairfield, New Jersey.

12.     Defendant Trend Makers is a Delaware corporation with an alleged place of business at 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida.  Upon information and belief, Defendant Trend Makers is an alter ego of Defendant Tristar.  Such belief is based on, for example, Trend Makers' agreement with the California Air Resources Board ("CARB") to pay $98,000 in fines in consideration of CARB's not filing a legal action against Tristar for Tristar's alleged violations of various California regulations.

## BACKGROUND

A.     **The Patents-in-Suit**

13.     Berardi filed for, and obtained, the following patent rights (the "Patents-in-Suit"):

i.     U.S. Patent No. 8,757,213, entitled "Commercial Hose" and issued on June 24, 2014 ("the '213 Patent"), attached hereto as **Exhibit A**;

ii.     U.S. Patent No. 9,581,272, entitled "Garden Hose" and issued on February 28, 2017 ("the '272 Patent"), attached hereto as **Exhibit B**;

iii.     U.S. Patent No. 8,291,941, entitled "Expandable and Contractible Hose" and issued on October 23, 2012 ("the '941 Patent"), attached hereto as **Exhibit C**;

iv.     U.S. Patent No. 8,291,942, entitled "Expandable Hose Assembly" and issued on October 23, 2012 ("the '942 Patent"), attached hereto as **Exhibit D**;

    v.  U.S. Design Patent D722,681, entitled "Expandable Hose" and issued on February 17, 2015 ("the '681 Patent"), attached hereto as **Exhibit E**; and

    vi.  U.S. Design Patent D724,186, entitled "Expandable Hose Assembly" and issued on March 10, 2015 ("the '186 Patent"), attached hereto as **Exhibit F**.

14.    The '213 Patent is a continuation-in-part of the invention disclosed in U.S. Patent No. 8,479,776, which in turn is a continuation-in-part of the invention disclosed in the '941 and '942 Patents.

15.    The '272 Patent is a continuation of the invention disclosed in U.S. Patent No. 9,279,525, which in turn is a continuation of the invention disclosed in the '213 Patent.

16.    The '681 Patent is a continuation-in-part of the '186 Patent.

17.    Berardi initially assigned his rights in the Patents-in-Suit to Blue Gentian, LLC, which then granted National Express, Inc. an exclusive license to its rights under the Patents-in-Suit to make, use, sell, offer for sale, import, market, promote and/or distribute expandable/retractable hoses embodying the inventions disclosed therein, within certain non-geographic markets, including the direct-to-consumer and retail markets.

18.    Effective April 13, 2017, pursuant to an asset purchase agreement, National Express transferred to Plaintiff its entire interest in and to all of the Patents-in-Suit asserted in this action and for which claims of patent infringement are brought, making Plaintiff the exclusive licensee to the Patents-in-Suit. Thereafter, effective August 13, 2018, pursuant to an Omnibus Intellectual Property Assignment, Blue Gentian assigned all of its right, title, and interests in and to the Patents-in-Suit to Telebrands.

19.    Beginning on or about March 24, 2012, the Plaintiff's Hoses were marketed in the United States, and are presently marketed and sold in the United States under the Pocket Hose® trademarks which products embodied the Patents-in-Suit. Consistent with licenses to the Patents-

in-Suit, both the packaging for the Plaintiff's Hoses and the products' websites advised of patent protection, including pending applications.

**B.**    **Co-Inventor Ruling and Assignment of Ragner's Rights to Telebrands**

20.    On August 11, 2021, this Court determined that another inventor, Gary Ragner, contributed to the conception of the Patents-in-Suit, and held that Ragner was a co-inventor of those patents.  That decision was subsequently affirmed by the Federal Circuit Court of Appeals. As a result of that decision, Ragner has been added as a co-inventor for all of the Patents-in-Suit.

21.    Ragner assigned all of his rights in and to any patents on which he is a listed inventor, including the Patents-in-Suit, to his company Ragner Technology Corporation ("RTC").

22.    On September 26, 2023, RTC assigned to Plaintiff its entire rights, titles, and interests in and to, *inter alia*, the Patents-in-Suit asserted in this action and for which claims of patent infringement are brought.

23.    As a result of these assignments, Plaintiff owns all right, title, and interest in and to the Patents-in-Suit, including: (i) the right to exclude all others from practicing the Patents-in-Suit within the United States; and (ii) the right to pursue infringement claims for any past or future infringement.  All of the foregoing assignments have been duly recorded with the USPTO and are a matter of public record.

**C.**    **Tristar's Marketing of Competing Flex-Able Hose Products**

24.    Beginning in 2012, Tristar promoted and sold an expandable hose product called "Flex-Able Hose" highly similar to the Pocket Hose® products.  The Flex-Able Hose products infringe the Patents-in-Suit, and certain models of the "Flex-Able Hose" have been the subject of litigation in this District in Civil Action No. 13-cv-1758-EP-MAH (D.N.J.).

25.    Over the course of related litigation, Tristar redesigned certain features related to the inlet and outlet couplers and flow restrictor of the Flex-Able Hose.  Tristar has also marketed

a "Tough Grade" Flex-Able Hose constructed of purportedly stronger materials than the original Flex-Able Hose.  Tristar has also incorporated the Flex-Able Hose into its sales of a pressure washer product under the brand "EZ-Jet.".   Screen shots from Tristar's websites "www.flexablehose.com" and "www.tryezjet.com" promoting these products are attached as composite **Exhibit G** hereto.

26.   Tristar has also introduced another iteration of the Flex-Able Hose, advertised and sold as the "Extreme Flex-Able Hose" which also infringes the Patents-in-Suit. A photograph of the product in its packaging is attached as **Exhibit H** hereto.

27.   Tristar has also introduced a new version of the Flex-Able Hose, advertised and sold as the "Flex-Able Bungee Hose" which also infringes certain Patents-in-Suit, namely the '941, '942, '272, and '213 Patents. Tristar initially sold the Flex-Able Bungee Hose direct to consumers via telephone orders and through its website www.buybungeehose.com (which is now redirected to Trend Makers' website).  Screen shots from a Tristar television commercial and its website promoting the Flex-Able Bungee Hose are attached as **Exhibit I** composite hereto.

28.   Upon information and belief, Tristar has also made sales of the Flex-Able Bungee Hose through retailers.

29.   By having an ornamental appearance not shown in the '681 and '186 Patents, the Flex-Able Bungee Hose product, among others, represents an alternative design further indicative that the ornamental designs claimed in the '681 and '186 Patents are not primarily functional.

30.   Tristar has marked the Flex-Able Bungee Hose product with, among others, U.S. Patent No. 9,022,076, entitled "Linearly Retractable Pressure Hose Structure" ("the '076 Patent"). An example of such marking is attached as **Exhibit J** hereto.  Tristar has also marked other Flex-

Able Hose products with the '076 Patent in its User Instructions as depicted in **Exhibit K** attached hereto.

31.     Some of the products sold by Tristar were marked as embodying the '076 Patent, which was previously owned by RTC and licensed to Tristar.  The '076 Patent included claims that were copied from the claims of the '941 Patent, which subsequently resulted in the USPTO's determining that the '076 Patent claims were invalid.  Tristar's marking of its products as embodying the claims of the '076 Patent constitute extrajudicial admissions that those products infringe, at least, the corresponding claims of the '941 Patent, from which the claims of the '076 patent were copied.

32.      Additional examples of Tristar's infringement are attached as **Exhibit L**.

**D.**     **Formation of Trend Makers Further to Engage in Patent Infringement**

33.     In April 2022, Trend Makers was formed and soon after began marketing and selling the infringing Flex-Able Hose products.

34.     Upon information and belief, including as set forth in a complaint filed in a federal action (District of Delaware, Civil Action No. 1:23-cv-01225, Doc. No. 3), Tristar caused the formation of Trend Makers, and Trend Makers is an alter-ego of Tristar.  Kishore (Keith) Mirchandani, who is the CEO of Tristar, is the sole member of Trend Makers, and both companies share the same General Counsel.  Indeed, the two companies appear to be identical in all material respects, and at some points in time, a person navigating to Trend Makers' website was redirected to Tristar's website.  Thus, like Tristar, Trend Makers is an entity which is owned and controlled by the same person, Mirchandani, operating a company involved in the marketing and sales of consumer goods.

35.     Further, upon information and belief, including as set forth in a filing in the aforementioned federal action (District of Delaware, Civil Action No. 1:23-cv-01225, Doc. No. 1), Mirchandani's transfer of Tristar's assets and operations to Trend Makers was for the specific purpose of trying to shield revenues of the Flex-Able Hose products from numerous lawsuits filed against Tristar arising out of its sale and distribution of other allegedly dangerous products. This transfer was extensive and resulted in the intentional depletion of Tristar's assets. Trend Makers also has disregarded corporate formalities as the alter ego of Tristar.

F.      **The RTC-Tristar License Agreements, Termination, and Assignment to Telebrands**

36.     Tristar generally claims, which Plaintiff disputes, *inter alia*, that Tristar had authority to market the Flex-Able Hose products during relevant times because of license agreements it had with RTC involving certain Ragner Patents (the "RTC-Tristar License Agreements").

37.     The RTC-Tristar License Agreements pre-dated the ruling on Ragner's being a co-inventor of the Patents-in-Suit. At the time that Ragner was determined to be a co-inventor of the Patents-in-Suit, Tristar asserted that any rights obtained by Ragner in those patents would be included in the RTC-Tristar License Agreements. But, to the contrary, a review of the plain text of the RTC-Tristar License Agreement indicates that the rights obtained by Ragner in the Patents-in-Suit, which were thereafter transferred to RTC, **do not** fall within the scope of the RTC-Tristar License Agreements. Based on the plain text of the RTC-Tristar License Agreements, the only patent rights licensed by Tristar were for Ragner Patents invented *independently* of Berardi.

38.     On August 11, 2022, RTC sent a letter to Tristar, notifying Tristar that as of August 12, 2022, Ragner was terminating the RTC-Tristar License Agreements.

39.     In September 2023, RTC also assigned its entire right, title, and interest in and to the RTC patents to Telebrands. That assignment was valid and recorded at the United States Patent

and Trademark Office, reel 065040 frame 0754.  Nothing in the terms of the RTC-Tristar License Agreements, which had been terminated more than one year earlier, would have invalidated or made void *ab initio* any assignments of the Ragner patents by Gary Ragner or RTC to another party.  Indeed, Tristar has so judicially admitted in a lawsuit filed against Telebrands in the Northern District of Florida (Civil Action No. 1:24-cv-0079). In addition, the agreements in question do not contain any language which would require or provide for voiding the assignment of the patents.

**G.    Tristar's and Trend Makers' Continuing Infringement of the Patents-in-Suit**

40.    Despite Ragner's termination of the RTC-Tristar License Agreements, Tristar continued to market and sell the "Flex-Able Hose" products after August 12, 2022, continuing to infringe the Patents-in-Suit.  As recently as February 5, 2024, Tristar has represented that it continues to use its "Flex-Able Hose" trademark in connection with the sale of infringing products.

41.    Tristar and Trend Makers were both on notice of the Patents-in-Suit, through litigation and other notices delivered prior to August 12, 2022.

42.    For example, the following is a screen shot from the Tristar website, taken in June 2024, showing Tristar's marketing of products that infringe the Patents-in-Suit:

https://www.tristarproductsinc.com/brand-power-living.php

 TRISTAR
P R O D U C T S

HOME



Life Made Easy.

43.    Tristar also causes third party marketers to market and sell the infringing Flex-Able Hose products.  For instance, the following are screen shots taken from various retailer websites in June 2024, marketing for sale Tristar's infringing products:

i.    Lowe's



ii.    Amazon:

iii.    Walmart

44.    In addition, the following are screen shots taken in June 2024 showing Trend Makers' marketing of products infringing the Patents-in-Suit:

11



***



By Trend Makers, LLC

**Flex-Able Pro-Grade Expanding Hose, (50')**

⭐⭐⭐⭐ 3.8    5 Reviews

## COUNT I

### DIRECT PATENT INFRINGEMENT
### (Tristar and Trend Makers – '941 Patent)

45.    This Count alleges direct Patent Infringement of the '941 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-44 above.

46.    Tristar and Trend Makers have infringed on one or more claims of the '941 Patent by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products embodying the invention protected under the '941 Patent, and at least Trend Makers, if not also Tristar, is still infringing and will continue to do so unless enjoined by this Court.

47.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

48.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT II

### INDIRECT PATENT INFRINGEMENT
### (Tristar and Trend Makers – '941 Patent)

49.     This Count alleges indirect Patent Infringement of the '941 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-44 above.

### A.     INDUCEMENT OF INFRINGEMENT

50.     Tristar and Trend Makers have induced others to infringe and continue to induce others to infringe one or more claims of the '941 Patent.

51.     Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

52.     Retailers have directly infringed and continue to directly infringe on one or more claims of the '941 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

53.     Tristar and Trend Makers should have known, and have known, that selling and offering to sell and, upon information and belief, importing into the United States the Flex-Able Hose products would cause the direct infringement of the '941 Patent.

54.     Despite having knowledge of the announced issuance of the '941 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with specific intent to encourage and cause the infringement of the '941 Patent by customers and retailers.

55.     At all relevant times, Tristar and Trend Makers had actual knowledge of the '941 Patent claims and that the Flex-Able Hose products infringed those claims. Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

56.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

57.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**B.      CONTRIBUTORY INFRINGEMENT**

58.     Tristar and Trend Makers have contributorily infringed and continue to contributorily infringe the '941 Patent.

59.     Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

60.     Retailers have directly infringed and continue to directly infringe one or more claims of the '941 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

61.     Despite having knowledge of the announced issuance of the '941 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with the specific intent to encourage and cause the infringement of the '941 Patent by customers and retailers.

62.     At all relevant times, Tristar and Trend Makers had actual knowledge of the '941 Patent claims and that the Flex-Able Hose products infringed those claims. Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

63.     Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products to practice the invention claimed in one or more claims of the '941 Patent, and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '941 Patent.

64.     Tristar's and Trend Makers' Flex-Able Hose products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific function having no purpose other than infringement.

65.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

66.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have

caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**COUNT III**

**DIRECT PATENT INFRINGEMENT**
**(Tristar and Trend Makers – '942 Patent)**

67.     This Count alleges direct Patent Infringement of the '942 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-44 above.

68.     Tristar and Trend Makers have infringed on one or more claims of the '942 Patent by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products embodying the invention protected under the '942 Patent, and at least Trend Makers, if not also Tristar, is still infringing and will continue to do so unless enjoined by this Court.

69.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

70.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT IV

## INDIRECT PATENT INFRINGEMENT
### (Tristar and Trend Makers – '942 Patent)

71.     This Count alleges indirect Patent Infringement of the '942 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-44 above.

### A.     INDUCEMENT OF INFRINGEMENT

72.     Tristar and Trend Makers have induced others to infringe and continue to induce others to infringe one or more claims of the '942 Patent.

73.     Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '942 Patent.

74.     Retailers have directly infringed and continue to directly infringe on one or more claims of the '942 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

75.     Tristar and Trend Makers should have known, and have known, that selling and offering to sell and, upon information and belief, importing into the United States the Flex-Able Hose products would cause the direct infringement of the '942 Patent.

76.     Despite having knowledge of the announced issuance of the '942 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with specific intent to encourage and cause the infringement of the '942 Patent by customers and retailers.

77.     At all relevant times, Tristar and Trend Makers had actual knowledge of the '942 Patent claims and that the Flex-Able Hose products infringed those claims. Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

78.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

79.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**B.     CONTRIBUTORY INFRINGEMENT**

80.     Tristar and Trend Makers have contributorily infringed and continue to contributorily infringe the '942 Patent.

81.     Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '942 Patent.

82.     Retailers have directly infringed and continue to directly infringe one or more claims of the '942 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

83.     Despite having knowledge of the announced issuance of the '942 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with the specific intent to encourage and cause the infringement of the '942 Patent by customers and retailers.

84.     At all relevant times, Tristar and Trend Makers had actual knowledge of the '942 Patent claims and that the Flex-Able Hose products infringed those claims. Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

85.     Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products to practice the invention claimed in one or more claims of the '942 Patent, and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '942 Patent.

86.     Tristar's and Trend Makers' Flex-Able Hose products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific function having no purpose other than infringement.

87.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

88.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT V

### DIRECT PATENT INFRINGEMENT
### (Tristar and Trend Makers – '272 Patent)

89.     This Count alleges direct Patent Infringement of the '272 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-44 above.

90.     Tristar and Trend Makers have infringed and are still infringing one or more claims of the '272 Patent by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products embodying the invention protected under the '272 Patent, and will continue to do so unless enjoined by this Court.

91.     Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

92.     Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**COUNT VI**

**INDIRECT PATENT INFRINGEMENT**
**(Tristar and Trend Makers – '272 Patent)**

93.     This Count alleges indirect Patent Infringement of the '272 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-44 above.

A.     **INDUCEMENT OF INFRINGEMENT**

94.     Tristar and Trend Makers have induced others to infringe and continue to induce others to infringe one or more claims of the '272 Patent.

95.     Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '272 Patent.

96.     Retailers have directly infringed and continue to directly infringe one or more claims of the '272 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

97.    Tristar and Trend Makers should have known, and have known, that selling and offering to sell, and, upon information and belief, importing into the United States the Flex-Able Hose products would cause the direct infringement of the '272 Patent.

98.    Despite having knowledge of the issuance of the '272 Patent, Tristar and Trend Makers have sold, offered to sell, and promoted the accused Flex-Able Hose products with specific intent to encourage and cause the infringement of the '272 Patent by customers and by retailers.

99.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '272 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

100.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

101.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**B.    CONTRIBUTORY INFRINGEMENT**

102.    Tristar and Trend Makers have contributorily infringed and continue to contributorily infringe the '272 Patent.

103.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '272 Patent.

104.    Retailers have directly infringed and continue to directly infringe one or more claims of the '272 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

105.    Despite having knowledge of the issuance of the '272 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with the specific intent to encourage and cause the infringement of the '272 Patent by customers and retailers.

106.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '272 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

107.    Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products to practice the invention claimed in one or more claims of the '272 Patent, and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '272 Patent.

108.    Tristar's and Trend Makers' Flex-Able Hose products are not staple articles of commerce suitable for substantial non-infringing use.  They are assembled from manufactured components for a specific function having no purpose other than infringement.

109.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

110.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT VII

### DIRECT PATENT INFRINGEMENT
### (Tristar and Trend Makers – '213 Patent)

111.    This Count alleges direct Patent Infringement of the '213 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-44 above.

112.    Tristar and Trend Makers have infringed on one or more claims of the '213 Patent by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products embodying the invention protected under the '213 Patent, and at least Trend Makers, if not also Tristar, is still infringing and will continue to do so unless enjoined by this Court.

113.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

114.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT VIII

### INDIRECT PATENT INFRINGEMENT
### (Tristar and Trend Makers – '213 Patent)

115.    This Count alleges indirect Patent Infringement of the '213 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-44 above.

### A.    INDUCEMENT OF INFRINGEMENT

23

116.    Tristar and Trend Makers have induced others to infringe and continue to induce others to infringe one or more claims of the '213 Patent.

117.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '213 Patent.

118.    Retailers have directly infringed and continue to directly infringe one or more claims of the '213 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

119.    Tristar and Trend Makers should have known, and have known, that selling and offering to sell, and, upon information and belief, importing into the United States Flex-Able Hose products would cause the direct infringement of the '213 Patent.

120.    Despite having knowledge of the issuance of the '213 Patent, Tristar and Trend Makers have sold, offered to sell and promoted the accused Flex-Able Hose products with specific intent to encourage and cause the infringement of the '213 Patent by customers and by retailers.

121.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '213 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

122.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

123.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have

caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## B.    CONTRIBUTORY INFRINGEMENT

124.    Tristar and Trend Makers have contributorily infringed and continue to contributorily infringe the '213 Patent.

125.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe one or more claims of the '213 Patent.

126.    Retailers have directly infringed and continue to directly infringe one or more claims of the '213 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

127.    Despite having knowledge of the issuance of the '213 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with the specific intent to encourage and cause infringement of the '213 Patent by customers and retailers.

128.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '213 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

129.    Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products to practice the invention claimed in one or more claims of the '213 Patent, and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '213 Patent.

130.    Tristar's and Trend Makers' Flex-Able Hose products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific function having no purpose other than infringement.

131.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

132.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT IX

### DIRECT PATENT INFRINGEMENT
**(Tristar and Trend Makers – '681 Patent)**

133.    This Count alleges direct Patent Infringement of the '681 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-44 above.

134.    Tristar and Trend Makers have infringed and are still infringing the '681 Patent by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products incorporating the ornamental design shown in the '681 Patent, and will continue to do so unless enjoined by this Court.

135.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

136.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

### COUNT X

### INDIRECT PATENT INFRINGEMENT
**(Tristar and Trend Makers –'681 Patent)**

137.    This Count alleges indirect Patent Infringement of the '681 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-44 above.

### A.    INDUCEMENT OF INFRINGEMENT

138.    Tristar and Trend Makers have induced others to infringe and continue to induce others to infringe the '681 Patent.

139.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe the '681 Patent.

140.    Retailers have directly infringed and continue to directly infringe the '681 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

141.    Tristar and Trend Makers should have known, and have known, that selling and offering to sell, and, upon information and belief, importing into the United States the Flex-Able Hose products would cause the direct infringement of the '681 Patent.

142.    Despite having knowledge of the issuance of the '681 Patent, Tristar and Trend Makers have sold, offered to sell and promoted the accused Flex-Able Hose products with specific intent to encourage and cause the infringement of the '681 Patent by customers and by retailers.

143.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '681 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

144.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

145.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**B.    CONTRIBUTORY INFRINGEMENT**

146.    Tristar and Trend Makers have contributorily infringed and continue to contributorily infringe the '681 Patent.

147.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe the '681 Patent.

148.    Retailers have directly infringed and continue to directly infringe the '681 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

149.    Despite having knowledge of the issuance of the '681 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with the specific intent to encourage and cause infringement of the '681 Patent by customers and retailers.

150.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '681 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

151.    Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products to practice the invention claimed in the '681 Patent, and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '681 Patent.

152.    Tristar's Flex-Able Hose products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific appearance having no purpose other than infringement.

153.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

154.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT XI

### DIRECT PATENT INFRINGEMENT
**(Tristar and Trend Makers – '186 Patent)**

155.    This Count alleges direct Patent Infringement of the '186 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-44 above.

156.    Tristar and Trend Makers have infringed and are still infringing the '186 Patent by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products incorporating the ornamental design shown in the '186 Patent, and will continue to do so unless enjoined by this Court.

157.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

158.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## COUNT XII

### INDIRECT PATENT INFRINGEMENT
**(Tristar and Trend Makers – '186 Patent)**

159.    This Count alleges indirect Patent Infringement of the '186 Patent against Tristar and Trend Makers, pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-44 above.

### A.    INDUCEMENT OF INFRINGEMENT

160.    Tristar and Trend Makers' have induced others to infringe and continue to induce others to infringe the '186 Patent.

161.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe the '186 Patent.

162.    Retailers have directly infringed and continue to directly infringe the '186 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

163.    Tristar and Trend Makers should have known, and have known, that selling and offering to sell, and, upon information and belief, importing into the United States the Flex-Able Hose products would cause the direct infringement of the '186 Patent.

164.    Despite having knowledge of the issuance of the '186 Patent, Tristar and Trend Makers have sold, offered to sell, and promoted the accused Flex-Able Hose products with specific intent to encourage and cause the infringement of the '186 Patent by customers and by retailers.

165.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '186 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

166.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

167.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

**B.    CONTRIBUTORY INFRINGEMENT**

168.    Tristar and Trend Makers have contributorily infringed and continue to contributorily infringe the '186 Patent.

169.    Tristar's and Trend Makers' end-user customers, by using the accused Flex-Able Hose products, have directly infringed and continue to directly infringe the '186 Patent.

170.    Retailers have directly infringed and continue to directly infringe the '186 Patent by selling and offering to sell Flex-Able Hose products in their retail locations.

171.    Despite having knowledge of the issuance of the '186 Patent, Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products with the specific intent to encourage and cause infringement of the '186 Patent by customers and retailers.

172.    At all relevant times, Tristar and Trend Makers had actual knowledge of the '186 Patent claims and that the Flex-Able Hose products infringed those claims.  Upon information and belief, neither Tristar nor Trend Makers have taken any steps to remedy the infringement.

173.    Tristar and Trend Makers have sold and offered to sell the accused Flex-Able Hose products to practice the invention claimed in the '186 Patent, and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '186 Patent.

174.    Tristar's and Trend Makers' Flex-Able Hose products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific appearance having no purpose other than infringement.

175.    Tristar's and Trend Makers' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

176.    Tristar's and Trend Makers' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Tristar and Trend Makers are enjoined from doing so by this Court.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff requests that all issues in this case so-triable be tried to a jury.

WHEREFORE, Plaintiff prays that this Court:

A.    Enter judgment against Defendants for infringement of the '941 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

B.    Enter judgment against Defendants for infringement of the '942 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees,

subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

C.      Enter judgment against Defendants for infringement of the '272 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

D.      Enter judgment against Defendants for infringement of the '213 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

E.      Enter judgment against Defendants for infringement of the '681 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

F.      Enter judgment against Defendants for infringement of the '186 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

G.      Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '941 Patent;

H.      Enter judgment against Defendants for damages arising from the infringement of the '941 Patent, pursuant to 35 U.S.C. § 284;

I.      Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '942 Patent;

J.      Enter judgment against Defendants for damages arising from the infringement of the '942 Patent, pursuant to 35 U.S.C. § 284;

K.      Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '272 Patent;

L.      Enter judgment against Defendants for damages arising from the infringement of the '272 Patent, pursuant to 35 U.S.C. § 284;

M.      Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '213 Patent;

N.      Enter judgment against Defendants for damages arising from the infringement of the '213 Patent, pursuant to 35 U.S.C. § 284;

O.      Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '681 Patent;

P.      Enter judgment against Defendants for damages arising from the infringement of the '681 Patent, pursuant to 35 U.S.C. § 284;

Q.      Enter judgment against Defendants for damages in the form of all of Defendants' profits arising from the infringement of the '681 Patent, pursuant to 35 U.S.C. § 289;

R.      Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '186 Patent;

S.      Enter judgment against Defendants for damages arising from the infringement of the '186 Patent, pursuant to 35 U.S.C. § 284;

T.      Enter judgment against Defendants for damages in the form of all of Defendants' profits arising from the infringement of the '186 Patent, pursuant to 35 U.S.C. § 289;

U.      Enter judgment that this case is exceptional, and award Plaintiff treble damages, attorney fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

V.      Enter judgment granting Plaintiff such other relief as this Court deems appropriate.


Dated:  November 12, 2024

                                        Respectfully submitted,


                                        */s/David S. Stone*
                                        David S. Stone
                                        Kenneth S. Levine
                                        STONE & MAGNANINI LLP
                                        400 Connell Drive, Suite 6200
                                        Berkeley Heights, NJ 07922
                                        Tel: (973) 218-1111
                                        Fax: (973) 218-1106
                                        dstone@smcomplex.com
                                        klevine@smcomplex.com

                                        *Attorneys for Plaintiff Telebrands Corp.*